[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 101)
On May 22, 2000, the plaintiff, Advanced Claims Services, LLC, brought suit against the defendants, Franco Enterprises, Inc. and Robert Franco, both non-residents of the State of Connecticut. On June 29, 2000, the plaintiff filed an amended six count complaint alleging causes of action against each defendant for breach of contract (counts one and two), quantum meruit (counts 3 and 4), and tortious misconduct (counts 5 and 6). According to the amended complaint, this action arises out of an agreement between the parties pursuant to which the plaintiff provided investigatory services in Connecticut for the defendants.
The present dispute arises out of the defendants' motion to dismiss the plaintiff's suit on the ground that the court lacks personal jurisdiction over the defendants.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacciv. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991) A ruling on a motion to dismiss is neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action. Motions to dismiss are granted solely on jurisdictional grounds. Malasky v. Metal ProductsCorp., 44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906,693 A.2d 293 (1997). A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. Johnson v.Dept. of Public Health, 48 Conn. App. 102, 107-108, 710 A.2d 176 (1998). In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
When a defendant files a motion to dismiss challenging the court's jurisdiction over a non-resident, a two part inquiry is required. The CT Page 12638 trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendants. If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendants would violate constitutional principles of due process. Knipple v. VikingCommunications Ltd., 236 Conn. 602, 606, 674 A.2d 426 (1996). If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff bears the burden of proving the court's jurisdiction. Id., 607.
A. Personal Jurisdiction Over Robert Franco Pursuant to General Statutes§ 52-59b
The defendants argue that because Franco has never been within the state of Connecticut and has not transacted any business in Connecticut, the court cannot assert personal jurisdiction over him pursuant to General Statutes § 52-59b (a)(1). The defendants further claim that because Franco has not committed a tortious act within Connecticut, the court cannot assert personal jurisdiction over him pursuant to § 52-59b
(a)(2). The plaintiff contends, notwithstanding his physical absence from this state, § 52-59b (a)(1) the court has personal jurisdiction over Franco based on his contacts with the plaintiff in Connecticut. The plaintiff also contends that the court may properly assert personal jurisdiction over Franco pursuant to § 52-59b (a)(2) because he committed tortious acts within Connecticut.
Connecticut courts may assert personal jurisdiction over a nonresident defendant under General Statutes § 52-59b (a), which provides in relevant part,
 "[als to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state. . . ."
However, the general rule is that there is no personal jurisdiction over nonresident officers of a corporation where their contact with the state was only in their capacity as a corporate officer. Leach FamilyHoldings, Inc. v. Raymark Industries, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345036 (December 23, 1997, Melville, J.) (21 Conn.L.Rptr. 468, 469); Charles Town AssociatesLimited Partnership v. Dolente, Superior Court, judicial district of Litchfield, Docket No. 069233 (May 1, 1996, Pickett, J.).
CT Page 12639 Although the plaintiff directed the second, fourth, and sixth counts of its amended complaint against Franco in his individual capacity, it has not presented sufficient facts to establish that Franco acted on his own behalf. The plaintiff has offered a letter dated December 27, 1999, to support its contention that Franco transacted personal business as distinguished from that as an officer of Franco Enterprises. In the letter, Franco outlines a payment schedule and requests the plaintiff to conduct specific investigations. The letter, written on N.S.F. 
Associates letterhead, is signed "Robert D. Franco, License Private Investigator." From this evidence the court is unable to determine whether Franco was transacting business in his individual capacity or in his capacity as president of Franco Enterprises. The Connecticut Supreme Court has held that "[w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard TallowCorp. v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983). Therefore, an evidentiary hearing is the appropriate method to resolve the jurisdictional question under § 52-59b (a)(1) regarding Franco's capacity. Consequently, the parties are directed to schedule such a hearing with this judge's clerk at the earliest possible date.
In count six, the plaintiff alleges a cause of action against Franco for tortious misconduct. It is black letter law that an officer of a corporation who commits a tort is personally liable to a victim regardless of whether the corporation itself is liable. Kilduff v.Adams, Inc., 219 Conn. 314, 331-32, 593 A.2d 478 (1991). Where an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is nevertheless liable to third parties injured thereby. Scribner v.O'Brien, Inc., 169 Conn. 389, 404, 363 A.2d 160 (1975)
In the amended complaint, the plaintiff alleges in count 6 that Franco "committed a tortious act in making misrepresentations in that it knew or should have known that Ethel plaintiff would rely upon and act to his detriment in reliance upon said misrepresentations." (Plaintiff's Amended Complaint) To satisfy its burden of establishing jurisdiction under § 52-59b (a)(2) the plaintiff must show that Franco engaged in at least a single act in Connecticut that would constitute the tort of fraudulent misrepresentation. See Whitney v. Capullo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 295347 (June 1, 1993, Lager, J.). "False representations entering Connecticut by wire or mail constitute tortious conduct in Connecticut. . . ."[1] Knipple v.Viking Communications. Ltd., supra, 236 Conn. 610. See also David v.Weitzman, 677 F. Sup. 95, 98 (D. Conn. 1987); Cody v. Ward,954 F. Sup. 43, 45-46 (D. Conn. 1997); Center Capital Corp. v. Hall,
CT Page 12640 Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 452084 (June 9, 1993, Dorsey, J.T.R.) (9 Conn L. Rptr. 265, 267). The plaintiff has offered the December 27, 1999 letter it allegedly received from Franco to support its contention that Franco made false representations in Connecticut.
Based on the above mentioned authority, such communication would satisfy the contact requirement. Furthermore, for the reasons expressed in part C of this memorandum, the due process requirements are also satisfied.
B. Personal Jurisdiction Over Franca Enterprises, Inc. Pursuant toGeneral Statutes § 33-929
The defendants argue that because Franco Enterprises is not incorporated in the state of Connecticut and has no contact with Connecticut, the court has no personal jurisdiction over it. The defendants also argue that because Franco Enterprises has not committed a tortious act within Connecticut, the court cannot assert personal jurisdiction over it.
The plaintiff responds that Franco Enterprises is subject to the court's jurisdiction because the contract between Franco Enterprises and the plaintiff required the plaintiff to perform the contract in Connecticut. The plaintiff argues that it performed significant acts pursuant to the contract, and that Franco Enterprises knew the actions it requested the plaintiff to perform would be performed in Connecticut. The plaintiff also contends that the court may properly assert personal jurisdiction over Franco Enterprises because Franco Enterprises committed tortious acts within Connecticut.
Connecticut courts may assert personal jurisdiction over a foreign corporation under General Statutes § 33-929 (f),[2] which provides in relevant part that
 "[e]very foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state . . . or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts . . .
Section 33-929 (f) directs the court to inquire not only into the various CT Page 12641 elements of the plaintiff's cause of action, but also into the totality of contacts which the defendant may have had with the forum. See FlightServices Group, Inc. v. Asprey Leasing, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336870 (December 2, 1997, Melville, J.).
For a court to assert jurisdiction over a foreign corporation pursuant to General Statutes § 33-929 (f)(1), the underlying contract must contemplate or encompass some contact with Connecticut. Thus, the plaintiff must initially establish prima facie that (1) a contract existed and (2) the contract was to be performed in Connecticut within the meaning of General Statutes § [33-929 (f)(1)]. Allard v. TranstekInternational, Ltd., Superior Court, judicial district of Litchfield, Docket No. 065182 (December 7, 1993, Picket, J.). Furthermore, "the language of § [33-929 (f)(1)] does not expressly require contemplated performance in this state by the party over whom jurisdiction is sought. Gamlestaden PLC v. Lindholm, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130058 (February 28, 1996, Karazin, J.), citing Combustion Engineering, Inc. v.NEI International Combustion, Limited, 798 F. Sup. 100, 104 (D.Conn. 1992)
In this case, the plaintiff was to perform investigative services in Connecticut. Consequently, Franco Enterprises entered into a contract which contemplated substantial performance, albeit by the plaintiff, in this state. This is sufficient to satisfy the long-arm statutory requirements of § 33-929 (f)(1) for establishing personal jurisdiction over Franco Enterprises. See Flight Services Group, Inc. v.Asprey Leasing, Inc., supra, Superior Court, Docket No. 336870; Thornton Company, Inc. v. Pennsak, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 490607 (November 20, 1998, Robinson, J.) (23 Conn.L.Rptr. 532, 535); Senior v. AmericanInstitute For Foreign Study, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139183 (February 7, 1996,Karazin, J.).
Because § 33-929 (f)(1) provides a sufficient basis for the exercise of personal jurisdiction over Franco Enterprises, the court need not address whether jurisdiction is also appropriate under § 33-929
(f)(4)
C. Constitutional Requirement of Due Process
Before a Connecticut court can assert jurisdiction, it must determine whether the exercise of jurisdiction violates constitutional principles of due process. See Knipple, supra, 236 Conn. 606. "The twin touchstones CT Page 12642 of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United States Trust Co. v. Bohart,197 Conn. 34, 41, 495 A.2d 1034 (1985). The foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum state are such that the defendant should reasonably anticipate being haled into court in the forum state.World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297,100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Id.
Applying these standards, Franco Enterprises' contacts with the plaintiff in Connecticut were sufficiently substantial for it to have reasonably anticipated being sued here. The plaintiff has presented facts that show that Franco Enterprises knew it was contracting with a Connecticut corporation which would perform services for it in Connecticut. Furthermore, Franco Enterprises sent a fax, made telephone calls, and sent payments and other correspondence to the plaintiff in Connecticut. These purposeful contacts are sufficient to justify the exercise of personal jurisdiction over Franco Enterprises. See Charlupv. Omnicorp Holdings, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 121184 (August 24, 1993, Nigro,J.) (fact that defendant sent faxes, paychecks, and correspondence and made telephone calls to Connecticut supported finding of jurisdiction);Senior v. American Institute For Foreign Study, supra, Superior Court, Docket No. 139183 (defendant could reasonably expect to be sued in Connecticut when it knowingly contracted Connecticut company to perform services in Connecticut); Salisbury Group v. Alban Institute, Superior Court, judicial district of Litchfield, Docket No. 070036 (July 3, 1996,Pickett, J.) [minimum contacts requirements met when plaintiff was hired by defendant foreign corporation, which never came to Connecticut, to do nationwide search primarily from Connecticut]; Thorton Company, Inc.v. Pennsak, Inc., supra, 23 Conn.L.Rptr. 532.
Having concluded that the threshold requirement of minimum contacts with Connecticut is satisfied and jurisdiction over Franco Enterprises on the basis of its contacts would not be unfair, see Burger King Corp. v.Rudzewicz, 471 U.S. 462, 477-78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and further concluding that Franco Enterprises has not shown that litigating in Connecticut would be so burdensome as to be unfair, the court's assertion of jurisdiction is found to be proper over the defendant corporation.
Accordingly, the defendants' motion to dismiss as to Franco Enterprises is DENIED the defendants motion to dismiss as to Robert Franko individually is yet to be determined after an evidentiary hearing to determine whether the acts complained of were corporate or individual.
CT Page 12643 MELVILLE, J.